United States Courts
Southern District of Texas
FILED

MAY 15 2023

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| In Re: <br> Tehum Care Services, Inc., <br><br> Debtor. | No: 23-90086 CML <br><br> Chapter 11 |
|---|---|
| Anant Kumar Tripati, <br><br> Plaintiff, <br> Vs <br><br> Sara Tirschwell; et al., | Adv. 23-3072 |

# OMNIBUS MOTION TO AMEND ADVERSARY AND CONSOLIDATE ECF 244; 261; 280 AND PROOF OF CLAIMS

This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 14 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you Oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.

# OMNIBUS MOTION TO AMEND ADVERSARY AND CONSOLIDATE F 244; 261; 280 AND PROOF OF CLAIMS

No: 23-90086 (CML) Page 1 of 15

**Represented parties should act through their attorney.**

Pursuant to BR 9015 Tripati moves this Court to allow him to file the amended adversary, to consolidate ECF 244, 261 and 280 and seeks leave to file his proof of claim.[1] In support thereof he submits:

### JURISDICTION

1. This Court has jurisdiction pursuant to 28 USC § 157, 1334. As the conduct of the Debtor is inextricably entwined with the conduct of the other Defendants, this court has jurisdiction. Eagle LLC v Bischoff, 710 F.3d 299 (5th Cir. 2013). These claims affect the distribution of the assets of the Debtor. Howell Hydrocarbons v Adams, 897 F.2d 183 (5th Cir. 1990) The Supreme Court has held when documents have been destroyed, the Plaintiff has been deemed to have established personal jurisdiction. Ins. Corp. v. Compagnie des Bauxites, 456 U.S. 694 (1982) (affirming order that imposed sanction of deeming personal jurisdiction established)

1] In light of ECF 507, this Request

**OMNIBUS MOTION TO AMEND ADVERSARY AND CONSOLIDATE F 244; 261; 280 AND PROOF OF CLAIMS**

No: 23-90086 (CML) Page **2 of 15**

2. As this is a core proceeding within the meaning of 28 USC §157(b), 28 USC § 1334 confers jurisdiction. 18 USC § 1964(a)(c), 28 USC § 1332,, 28 USC§ 1337, ARS §13-2314.04.A also confer jurisdiction.

3. I did not choose this forum. By filing protection under Chapter 11, Defendants, waived jurisdiction of this court to grant me relief on my claims as they are alter egos of each other, have acted in concert with each other, have abused their corporate form, used the corporate structure as a mere instrumentality for fraud and wrongs against me, as set forth in this complaint, in Arizona, in this court and other venues.

4. The corporate structure is a mere instrumentality by Defendants at all times, to perpetrate fraud and engage in racketeering. The mere instrumentality is evidenced by Correctional Health maintaining a common, same and or similar business structure, policy, using a joint defense in all cases involving prisoners, restructuring in Texas for the purpose of defrauding prisoners and precluding federal courts from reviewing claims of violation of federal rights. Pre-litigation destruction of evidence is a recurring issue which is subject to sanction under Chambers v. NASCO, Inc., 501 U.S. 32,

35 (1991). Circuit Courts of Appeals are—and have long been—in direct conflict with The Pizarro, 15 U.S. (2 Wheat.) 227 (1817) and its protégé..

5. The first Act occurred after 1970 and the last act, within four years of the prior act.

### PERTINENT FACTS RELEVANT TO THE AMENDMENT

6. The United States Courts of Appeals for the Third and Ninth Circuit as well as the District of Arizona had claims before them, pertaining to spoliation of evidence, by the Debtor and other Defendants.

7. These claims are inextricably entwined with the claims against the Debtor.

8. As the Debtor filed for this bankruptcy, the Courts by operation of the provisions of bankruptcy laws, were mandated to abstain and abstained from these claims. They declined to rule on these claims.

9. As a consequence I have been prevented from having my claims adjudicated on their merits.

**OMNIBUS MOTION TO AMEND ADVERSARY AND CONSOLIDATE F 244; 261; 280 AND PROOF OF CLAIMS**

## THE AMENDMENT CLARIFIES

## ARE INEXTRICABLY ENTWINED

10. The conduct of Defendants are inextricably entwined with the conduct of the Debtor Fire Eagle LLC v Bischoff, 710 F.3d 299 (5th Cir. 2003) These claims affect distribution of the Debtor's assets. Howell Hydrocarbons v Adams, 897 F2d 183 (5th Cir. 1990) (FAC ¶ 2)[1]

## THE POLICY

11. Defendants in advance of litigation, as a matter of their practice and policy, engineered the scheme to deploy prefabricated defenses in prisoner litigation. They used permissible procedural devises in bad faith, rigging the game from inception. They ensured truthful untainted evidence is not disclosed if inculpatory and favorable to inmates. They created alternative evidence/facts, not mischaracterizing them. They assembled template stock pleadings, making false sworn/unsworn statements, providing false incorrect expert/consultant reports, creating false exonerating evidence. They intentionally destroyed, withheld the foregoing material

---

[1] FAC refers to the First Amended Complaint and paragraph therein

**OMNIBUS MOTION TO AMEND ADVERSARY AND CONSOLIDATE F 244; 261; 280 AND PROOF OF CLAIMS**

evidence duty bound to disclose, that prisoners like me cannot obtain from alternative sources. These are reports, emails, investigations, faxes, employee misconduct reports, policies, directives, failure to follow policies, and the evidence discussed . (FAC ¶ 3)

12. Defendants made material misrepresentations as to past and current facts/policies/directives, with knowledge or belief of their falsity, with an intention that courts and inmates shall rely on. Both the courts and I relied, and on which there was reasonable reliance by courts and inmates. They lied and concealed the evidence violating fraudulent concealment, fraud, deceit. Their conduct constitutes common law fraud, deceit, fraudulent concealment, constructive fraud, constructive taking, unjust enrichment, breach of fiduciary duty, deceptive business practices, fraud upon the court, and conspiracy to engage in these torts. Their conduct also is a violation of my right of access to courts, as they, by filing this bankruptcy, [prevented the United States Supreme Court, Third, Ninth and Arizona federal courts from reviewing my claims on spoliation. I would have prevailed had they

not filed this bankruptcy, and allowed the courts, to review my claims. (FAC ¶ 4)

13. Defendants had a legal obligation to disclose the evidence in connection with existing or pending litigation. They did not disclose material evidence, intentionally withholding, altering, destroying the evidence to disrupt frustrate prisoner litigation. As consequence the evidential record did not contain the relevant evidence. (FAC ¶ 5)

## JURISDICTION AND JURISDICTION BASED ON SPOLIATION

14. As this is a core proceeding within the meaning of 28 USC §157(b), 28 USC § 1334 confers jurisdiction. 18 USC § 1964(a)(c), 28 USC § 1332,, 28 USC§ 1337, ARS §13-2314.04.A also confer jurisdiction. (FAC ¶ 6)

15. I did not choose this forum. By filing protection under Chapter 11, Defendants, waived jurisdiction of this court to grant me relief on my claims as they are alter egos of each other, have acted in concert with each other, have abused their corporate form, used the corporate structure as a mere instrumentality for fraud and wrongs

## OMNIBUS MOTION TO AMEND ADVERSARY AND CONSOLIDATE F 244; 261; 280 AND PROOF OF CLAIMS

against me, as set forth in this complaint, in Arizona, in this court and other venues. (FAC ¶ 7

16. The Supreme Court has held when documents have been destroyed, the Plaintiff has been deemed to have established personal jurisdiction. Ins. Corp. v. Compagnie des Bauxites, 456 U.S. 694 (1982) (affirming order that imposed sanction of deeming personal jurisdiction established) (FAC ¶9)

17. I did not choose this forum. By filing protection under Chapter 11, Defendants, waived jurisdiction of this court to grant me relief on my claims as they are alter egos of each other, have acted in concert with each other, have abused their corporate form, used the corporate structure as a mere instrumentality for fraud and wrongs against me, as set forth in this complaint, in Arizona, in this court and other venues. (FAC ¶ 10)

18. The corporate structure is a mere instrumentality by Defendants at all times, to perpetrate fraud and engage in racketeering. The mere instrumentality is evidenced by Correctional Health maintaining a common, same and or similar business structure, policy, using a joint defense in all cases involving prisoners,

**OMNIBUS MOTION TO AMEND ADVERSARY AND CONSOLIDATE F 244; 261; 280 AND PROOF OF CLAIMS**

No: 23-90086 (CML) Page **8 of 15**

restructuring in Texas for the purpose of defrauding prisoners and precluding federal courts from reviewing claims of violation of federal rights. Pre-litigation destruction of evidence is a recurring issue which is subject to sanction under Chambers v. NASCO, Inc., 501 U.S. 32, 35 (1991). Circuit Courts of Appeals are—and have long been---in direct conflict with The Pizarro, 15 U.S. (2 Wheat.) 227 (1817) and its protégé

## ACCRUAL AND THE INJURY I SUSTAINED FROM THE CRIMINAL ENTERPRISE OPERATED BY CORIZON AS SET FORTH BELOW

19. After Corizon notified the Third Circuit of this Bankruptcy, that court in Case 22-1861 on April 13, 2023 abstained as to all Defendants, because the claims in that case, were about spoliation by all Defendants, and the Third Circuit, District Court, Defendants, failed to address the spoliation. (See Appendix to ECF 261. (This appendix shows that the Third Circuit overlooked this claim, violating Fifth , Third Circuit precedents and U S Supreme Court precedents) see also ECF 244 and 280. (FAC ¶ 13)

20. In the District of Arizona, after Defendants filed a notice of this bankruptcy, the District Court, as mandated by law, abstained

## OMNIBUS MOTION TO AMEND ADVERSARY AND CONSOLIDATE F 244; 261; 280 AND PROOF OF CLAIMS

from ruling on the spoliation as to all Defendants for the reasons in 12 above. CIV 18-0066RM. (FAC ¶14)

21. After Defendants notified the Ninth Circuit in 21-15902 of these Bankruptcy proceedings, the Ninth Circuit has not ruled on the matter, it appears, the court has abstained. (FAC ¶ 15)

22. After I became apprised of this Bankruptcy, I notified the District Court in Arizona in CV 22-0243 JJT JFM of these proceedings, and am amending my complaint, to remove all claims, as to spoliation by here Defendants, for the reasons in 12 above. (FAC ¶ 16)

23. As such, these spoliation claims, accrued when Defendants notified the courts, and prevented them from deciding the claims, as mandated by law. The Supreme Court Has Held When Documents Have Been Destroyed, The Plaintiff Has Been Deemed To Have Established Personal Jurisdiction. Ins. Corp. V. Compagnie Des Bauxites, 456 U.S. 694 (1982) (Affirming Order That Imposed Sanction Of Deeming Personal Jurisdiction Established) (FAC ¶ 17)

24. These Defendants have by operation of the federal bankruptcy laws, in effect, transferred the spoliation claims, to this court,

against all Defendants. Defendants, and each of them, acting in bad faith, adopted outside the adversarial process the policy to conceal and falsify evidence in prisoner cases, as set forth in this complaint. They concealed and also provided false information as to the electronic evidence that they had in their possession. Defendants failed to perform their duty to disclose the evidence that they had in their possession. They failed to exercise reasonable care to prevent harm to me during litigation against them. They knew or had reason to know that their misconduct would defeat my claims. (FAC ¶18)

25. As a consequence of the scheme I was unable to have the Third Circuit, Ninth Circuit, District of Arizona, Arizona State courts, review my spoliation claims against Defendants, their agents, employees and subordinates. The attorney and the law firm Defendants devised and implemented a scheme and or policy outside the adversarial process, to engage in spoliation of evidence in prisoner cases, which could not be reviewed, because of the bankruptcy filing. As I was a witness in my cases, due to the retaliation against a witness, I was prevented from presenting that

evidence, in official proceedings under federal law, in state and federal courts. The liability insurers by making policy exceptions in prisoner cases, allowed Defendants to engage in the misconduct. (FAC ¶ 19)

26. Defendants deprived me and others of a benefit, defined as anything of value or advantage, present or prospective, under ARS 13-105.5 the tangible evidence or intangible rights to have the court decide my claims on spoliation based on all the evidence, is property within the meaning of ARS 13-105.37, which Defendants deprived me of. All this was accomplished through the system of emails, through computer networks, and the use of the United States Mail. (FAC ¶ 20)

27. By obstructing justice, acting in a manner to obstruct justice, to influence the due administration of justice, interfering in the administration of justice, with specific intent to corruptly influence, impede or obstruct the administration of justice by implementing the policy of making others lie, as set forth in this complaint, Defendants injured me. They foresaw the evidence was for use in official proceedings for violation of federal rights, satisfying the

federal nexus set forth in United States v Causey, 183 F3d 407(5th Cir. 1999)Their corruption included the concealment of evidence, submission of false statements under penalty of perjury, and making false statements in this bankruptcy and judges deciding federal claims. (FAC ¶ 21)

## EQUITABLE ESTOPPEL

22. As I have previously stated, I did not choose this venue but the Debtor did. As such, equitable estoppel bars the Debtor and the Defendants whose claims are intertwined with that of the Debtor, from contesting the jurisdiction and venue. This venue has been chosen by Defendants and not me .Petrella v Metro-Goldwn-Mayer, Inc., 572 US 663, 684 (2014)

## THE AMENDMENT ADDS THIRD CLAIM FOR RELIEF

### THIRD CLAIM FOR RELIEF
### (Declaratory Judgment And Other Relief)

23. The amendment adds the Third Claim for relief for fraudulent concealment, fraud, deceit. constructive fraud, constructive taking, unjust enrichment, breach of fiduciary duty, deceptive business practices, fraud upon the court, and conspiracy to engage in these torts. Their conduct also is a violation of my right of access to courts, as they, by filing this bankruptcy, [prevented the United States Supreme Court, Third, Ninth and Arizona federal courts from reviewing my claims on spoliation. I would have prevailed had they not filed this bankruptcy, and allowed the courts, to review my claims.; Declaratory judgment that this bankruptcy proceedings do not bar claims for spoliation of evidence by Tripati, and that the bankruptcy proceedings were filed to defraud Tripati and other victims of spoliation.

## MOTION TO CONSOLIDATE

24. Tripati moves to consolidate ECF 244; 261; 280 in the interest of judicial economy.

**OMNIBUS MOTION TO AMEND ADVERSARY AND CONSOLIDATE F 244; 261; 280 AND PROOF OF CLAIMS**

## LEAVE TO FILE PROOF OF CLAIM

25. Tripati seeks leave to file the proof of claim submitted concurrently.

## CONCLUSION

26. Wherefore Tripati prays that leave to amend be granted and he be allowed to file his proof of claim.

Respectfully submitted

ANANT KUMAR TRIPATI 102081
P.P.Box 8909
Yuma, Arizona 85349

Copies served on
Jason S. Brookner, Esq
1300 Post Oak Blvd # 2000
Houston, TX 77056